16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Galvin D. TILLAGE, Defendant-Appellant.
 No. 93-1535.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1994.*
Decided Jan. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Galvin Tillage pled guilty to embezzling a letter containing food stamps in violation of 18 U.S.C. Sec. 1709. He was sentenced to six months' imprisonment and three years' supervised release. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Tillage reserved his right to appeal the district court's denial of his motion to suppress evidence. He now appeals the denial of that motion and the district court's failure to hold an evidentiary hearing. We affirm.
 
 
 2
 In his motion to suppress evidence, Tillage argued that the search warrant authorizing federal agents to electronically monitor the letter he embezzled was invalid because the affidavit supporting the warrant omitted exculpatory information. Tillage claimed that the affidavit failed to inform the district court that the monitoring of a test letter on a previous occasion had not resulted in a theft by Tillage. He argued that if that information had been included, the affidavit would not have supported a finding of probable cause.[1]
 
 
 3
 Before reviewing the dismissal of Tillage's challenge to the adequacy of the warrant in this case, we address the government's argument that no warrant was required because the monitoring of a beeper does not constitute a search as long as the container is carried in public thoroughfares. In United States v. Karo, 468 U.S. 705 (1983), the Supreme Court held that the warrantless monitoring of a beeper inside a private residence violates the Fourth Amendment. The Court reasoned that visual surveillance cannot reveal what occurs inside a private residence, and therefore the monitoring of a beeper constitutes a warrantless search. Id. The Court distinguished the facts in Karo from those in United States v. Knotts, 460 U.S. 276 (1983), where investigators monitored a beeper that was placed inside a drum and transported by car to the yard of a private residence. Karo, 468 U.S. at 715. In Knotts, the Court found no Fourth Amendment violation because the beeper only provided information that could also have been obtained through visual surveillance. Investigators easily could have observed the drum being loaded into the car and followed the car on the highway. Knotts, 460 U.S. at 281.
 
 
 4
 Contrary to the government's assertion, the finding of a Fourth Amendment violation does not turn on whether the beeper is transported on the public thoroughfare. Rather it turns on whether the beeper provides information that visual surveillance could not have provided. Here, visual surveillance could not have revealed the contents of Tillage's gym bag and the government does not argue that postal inspectors could have observed Tillage place the test letter in his bag. Thus, the monitoring of the beeper inside the bag did constitute a search and a warrant was required.
 
 
 5
 However, we conclude that the district court did not commit clear error in finding that the warrant obtained by the government was valid, despite the omission from the supporting affidavit that on one occasion Tillage properly sorted a letter containing a credit card. United States v. Eddy, 8 F.3d 577, 580 (7th Cir.1993) (standard of review). An omission of fact in a warrant affidavit violates the Fourth Amendment only where the omission was material and was made intentionally or with reckless disregard for the truth. United States v. McNeese, 901 F.2d 585, 594 (7th Cir.1990). See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). An omission is material if the information was of such significance that its absence could reasonably have affected the finding of probable cause. Id.
 
 
 6
 Here, the inclusion of the earlier test letter would not have defeated the affidavit's showing of probable cause. The affidavit stated:
 
 
 7
 During the morning of January 14, 1992, I conducted a surveillance of Tillage and observed Tillage place the above described food coupon test letter in a separation case at Case 92. This test letter, which was addressed for delivery on route 23, should have been returned by Tillage to a redistribution case at Morgan Park Station. Surveillance disclosed Tillage did not return the letter for redistribution. This test letter was never received by the addressee.
 
 
 8
 Reviewing this information under a totality of the circumstances standard, Illinois v. Gates, 462 U.S. 213, 238 (1983), a reasonably prudent person would believe that the monitoring of a beeper would reveal evidence of theft by Tillage. Berger v. New York, 388 U.S. 41, 55 (1967). Although Tillage properly sorted a test letter containing a credit card on one occasion, that fact does not sufficiently outweigh the evidence establishing probable cause. Thus, the omission of that information from the affidavit did not violate the Fourth Amendment and the district court did not err in denying the motion to suppress.
 
 
 9
 Nor did the court err in failing to hold an evidentiary hearing. Where the district court concludes that an omission of fact from an affidavit supporting a warrant would not have affected the finding of probable cause, it need not conduct an evidentiary hearing. See Franks, 438 U.S. at 171-72.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Tillage also raised the Postal Inspectors' warrantless search of his gym bag as a basis for granting the motion to suppress, however, he has abandoned that argument on appeal